UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY PORTER,

                           Plaintiff,

         v.                                                   9:17-CV-0047
                                                             (MAD/TWD)

DONALD UHLER, et. al.,

                           Defendants.
_____

APPEARANCES:

LARRY PORTER
88-A-4542
Plaintiff Pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Presently before the Court is a complaint filed in June 2016 by pro se plaintiff Larry Porter ("plaintiff") in the United States District Court for the Southern District of New York ("Southern District"). Dkt. No. 1 ("Compl."). By Order filed on January 10, 2017, Chief United States District Judge Colleen McMahon of the Southern District transferred this action to the Northern District of New York ("Northern District"). Dkt. No. 4 ("Transfer Order"). Plaintiff, who is presently incarcerated at Upstate Correctional Facility ("Upstate C.F.") has paid the full

filing fee of $400.00.[1]

## II. INITIAL SCREENING

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] The three-strikes rule of 28 U.S.C. § 1915(g) has been enforced against plaintiff in this District. *See Porter v. Suave,* No. 09-CV-1254, Decision and Order (N.D.N.Y. filed Jan. 7, 2010); *Porter v. Suave*, No. 12-CV-138, Decision and Order (N.D.N.Y. filed March 21, 2012).

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While pro se parties are held to less stringent pleading standards, the Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id.* at 364. A cause of action is properly deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III.   SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution

3

and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

Plaintiff sets forth claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). In the complaint, plaintiff refers to a lawsuit filed in March 2011 in the United States District Court for the Southern District of New York.[2] Compl. at 5. The lawsuit was filed by inmates against various DOCCS officials claiming that lengthy confinements in the Special Housing Unit ("SHU") created an unconstitutional risk of harm to inmates.[3] *Id.* The plaintiffs in that action sought injunctive and declaratory relief. *Id.* In March 2014 and June 2014, plaintiff received two letters from attorneys affiliated with the New York Civil Liberties Union ("NYCLU"), advising plaintiff of the aforementioned § 1983 class action. Compl. at 5-6. In a letter dated October 21, 2014, Elena Landriscina, Esq. informed plaintiff that the class action did not include a claim for money damages. *Id.* at 6.

Plaintiff claims that he has been confined to disciplinary segregation in the SHU for the

---

[2] *Peoples, et. al. v. Annucci, et. al.*, No. 11 Civ. 2694, (S.D.N.Y. April 18, 2011).

[3] On March 31, 2016, the Court approved a settlement in the action. *See Peoples, et. al. v. Annucci, et. al.*, No. 11 Civ. 2694, Opinion and Order (S.D.N.Y. March 32, 2016).

4

last twenty-seven years. Compl. at 6. Plaintiff was sentenced to SHU confinement in October 1989 and is not expected to be released until November 2018.[4] *Id.* Plaintiff alleges that he has been subjected to "prolonged" and "extreme" isolation and inhumane conditions. *Id.* at 6, 7. Plaintiff has been denied commissary, recreation, personal clothing, and telephone privileges. *Id.* at 7. Plaintiff alleges that defendant Donald Uhler ("Uhler"), the Superintendent at Upstate C.F., supervised and controlled the SHU and refuses to "cut" plaintiff's SHU time. Compl. at 7. Plaintiff also asserts that defendant Commissioner Anthony Annucci ("Annucci") is aware of the widespread DOCCS policy encouraging the use of SHU confinement because Annucci was a defendant in the Southern District action. *Id.* at 5-6.

Plaintiff claims that his Fourteenth and Eighth Amendment rights were violated and seeks monetary damages. *See* Compl., *generally*.

## IV. ANALYSIS

### A. Personal Involvement

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.' " *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *See Cipriani v.*

---

[4] The complaint does not include any facts related to where, other than Upstate C.F., plaintiff has served his SHU sentence.

*Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) (citation omitted).

If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501. In other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the alleged constitutional violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff has sufficiently alleged that Uhler and Annucci were personally involved in the alleged constitutional violations.

**B.     Fourteenth Amendment**

To successfully state a claim under Section 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must show that he both: (1) possessed an actual liberty

interest; and (2) was deprived of that interest without being afforded sufficient process. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004); *Tellier v. Fields,* 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin,* 91 F.3d 349, 351-52 (2d Cir. 1996). "Prison discipline implicates a liberty interest when it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ortiz,* 380 F.3d at 654 (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)); *Tellier,* 280 F.3d at 80; *Hynes,* 143 F.3d at 658.

As to the first element, in *Sandin*, the Supreme Court determined that, to establish a liberty interest in the context of a prison disciplinary proceeding resulting in removal of an inmate from the general prison population, a plaintiff must demonstrate that (1) the state actually created a protected liberty interest in being free from segregation and (2) the segregation would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483–84; *Tellier*, 280 F.3d at 79–80; *Hynes*, 143 F.3d at 658. The prevailing view in this circuit is that, by its regulatory scheme, the State of New York has created a liberty interest in remaining free from disciplinary confinement, thus satisfying the first *Sandin* factor. *See, e.g., LaBounty v. Coombe*, No. 95–CV–2617, 2001 WL 1658245, at *6 (S.D.N.Y. Dec. 26, 2001); *Alvarez v. Coughlin*, No. 94–CV–0985, 2001 WL 118598, at *6 (N.D.N.Y. Feb. 6, 2001) (Kahn, J.).

"[W]hether the conditions of a segregation amount to an 'atypical and significant hardship' turns on the duration of the segregation and a comparison with the conditions in the general population and in other categories of segregation." *Arce v. Walker*, 139 F.3d 329, 336 (2d Cir. 1998) (citing *Brooks v. DiFasi*, 112 F.3d 46, 48–49 (2d Cir. 1997)). As to the duration of the disciplinary segregation, restrictive confinement of less than 101 days, on its

own, does not generally rise to the level of an atypical and significant hardship. *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (citing *Colon v. Howard*, 215 F.3d 227 (2d Cir. 2000)). When the duration of restrictive confinement is less than 101 days, proof of "conditions more onerous than usual" is required. *Davis*, 576 F.3d at 133 (citing *Colon*, 215 F.3d at 232–33, n.5). On the other hand, the Second Circuit has found that disciplinary segregation under ordinary conditions of more than 305 days rises to the level of atypicality. *See Colon*, 215 F.3d at 231 ("Confinement in normal SHU conditions for 305 days is in our judgment a sufficient departure from the ordinary incidents of prison life to require procedural due process protections under *Sandin*.").

As presently plead, plaintiff's Fourteenth Amendment claims survive sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment. *See Hanrahan v. Doling*, 331 F.3d 93, 99 (2d Cir. 2003) (holding that disciplinary punishment, consisting of ten years of solitary confinement, triggered due process protection).

**C.     Eighth Amendment**

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Second Circuit, in addressing the needs protected by the Eighth Amendment, has stated that sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979); *Lareau v. Manson*, 651 F.2d 96, 106 (2d Cir.

8

1981). "To demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996) (citation omitted). To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result 'in unquestioned and serious deprivations of basic human needs.' " *Id.* (citation omitted). "Although the Constitution does not mandate a comfortable prison setting, prisoners are entitled to 'basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety.' " *Brown v. Doe*, No. 13 Civ 8409, 2014 WL 5461815, at *6 (S.D.N.Y. Oct. 28, 2014) (quoting, *inter alia, Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). "[The inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted).

With respect to the subjective element, plaintiff must "demonstrate that the defendants imposed those conditions with 'deliberate indifference.' " *Jolly*, 76 F.3d at 480 (citation omitted). "To constitute deliberate indifference, '[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety.' " *Walker*, 717 F.3d at 125 (quoting *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)). "A prison official may be found to have had a sufficiently culpable state of mind if he participated directly in the alleged event, or learned of the inmate's complaint and failed to remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence in managing subordinates." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (citations and internal quotations omitted).

At this juncture, the Court finds that plaintiff's Eighth Amendment claims survive sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

9

*See Peoples v. Fischer*, No. 11 CIV. 2694, 2012 WL 1575302, at *9 (S.D.N.Y. May 3, 2012) (allowing the plaintiff to proceed with Eighth Amendment claims holding that "three years in the SHU is an extraordinary amount of time.").

**D.     Service of Process**

In this case, plaintiff paid the entire filing fee for this action. As a result, plaintiff is responsible for serving the summons and complaint on the defendant. Rule 4 of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). In order to advance the disposition of this action, and in light of the fact that plaintiff is proceeding pro se, to effectuate service by the United States Marshal plaintiff must (1) pay the service fee due to the U.S. Marshal in full in advance;[5] and (2) provide all necessary papers for service, including a completed U.S. Marshals Form and summons form for the defendant, and a copy of the complaint for the defendant.[6] Plaintiff is directed to send the service documents and payment of the service fee to the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367, to be forwarded by the Clerk to the U.S. Marshal.

**V.     CONCLUSION**

**WHEREFORE**, it is hereby

---

[5]     Payment of the service fee must be made by money order or certified check payable to "U.S. Marshal." For service by mail, the fee is $8.00 per summons and complaint. The cost of service by mail on the defendants is $16.00. Plaintiff is advised that if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fees, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal.

[6]     The Clerk of the Court is directed to provide plaintiff with a two blank U.S. Marshals Forms.

10

**ORDERED** that plaintiff's Fourteenth Amendment and Eighth Amendment claims against Uhler and Annucci survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response; and it is further

**ORDERED** that plaintiff is afforded an opportunity to request an order of this Court directing service by the U.S. Marshal and provide payment of the service fee to the U.S. Marshal in full by money order or certified check; and it is further

**ORDERED** that the Clerk of the Court is directed to provide plaintiff with a two blank U.S. Marshals Forms; and it is further

**ORDERED** that upon plaintiff's request for assistance with service of process, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED** that if plaintiff does not request for assistance with service of process **within twenty (20) days** of the filing date of this Decision and Order, the Clerk shall issue a summons and forward it to plaintiff, who shall be responsible for effecting service of process on defendants. Upon issuance of the summons, the Clerk shall send a copy of the summons and complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that defendants or their counsel, file a response to the complaint as provided for in the Federal Rules of Civil Procedure after service of process upon them; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S.

11

Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

    **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 7, 2017
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge