**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

LARRY PORTER,

                         **Plaintiff,**

vs.                                                  9:17-CV-47
                                                          (MAD/TWD)

DONALD UHLER and ANTHONY ANNUCCI,

                         **Defendants.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**LARRY PORTER**
88-A-4542
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **OMAR J. SIDDIQI, ESQ.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this Section 1983 civil rights action *pro se* on December 1, 2016, against Donald Uhler and Anthony Annucci.[1] *See* Dkt. No. 1 at 1. Plaintiff, who has been an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") since 1988, was in disciplinary segregation in the Special Housing Unit

---

[1] Plaintiff initially brought this case in the Southern District of New York, but the case was transferred to the Northern District of New York on January 17, 2017. *See* Dkt. Nos. 4, 5.

("SHU") from October 1989 until September 2017.  *See* Dkt. No. 78 at 1-2 & n.3.  Plaintiff alleges that his confinement in the SHU for twenty-eight years violated his rights under the Eighth and Fourteenth Amendments, which prohibit cruel and unusual punishment and the deprivation of liberty without due process of law.  *See* Dkt. No. 1 at 5-8.

On June 6, 2018, Plaintiff moved for summary judgment in his favor.  *See* Dkt. No. 62.  Defendants filed a Cross Motion for Summary Judgment and Response to Plaintiff's Motion on July 23, 2018, and Plaintiff opposed the Cross Motion on August 6, 2018.  *See* Dkt. Nos. 71, 75.  On February 19, 2019, Magistrate Judge Thérèse Wiley Dancks issued a Report-Recommendation and Order recommending that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendants' Cross Motion, and dismiss the Complaint with prejudice.  *See* Dkt. No. 78 at 37.  Plaintiff filed his Objections to the Report-Recommendation and Order on March 7, 2019, with thirteen numbered "objections" to Magistrate Judge Dancks's recommendations.  *See* Dkt. No. 79.

## II. DISCUSSION

A.  **Standard of Review**

*1. Legal Standard*

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### *2. Plaintiff's Objections*

First, Plaintiff alleges that Magistrate Judge Dancks (1) "refused to addressed my request's defendant's indeed conceded to all my argument's is factually true in memo-of-law they failed to responded" and (2) "refused to addressed my request's that deemed defendant's conceded to all my legal argument's factually true my condition of confinement's at Upstate Supermax with other 9 solitary confinement's from 1989 to 2017." *See* Dkt. No. 79 at 1-2 (Objections 1, 3). Liberally construed, Plaintiff appears to be arguing that Magistrate Judge Dancks should have recommended that his motion for summary judgment be granted because it was unopposed. The Second Circuit rejected this argument in *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241 (2d Cir. 2004), when it held that the party moving for summary judgment must show that he is entitled to judgment as a matter of law, even if that motion is unopposed. *See id.* at 244 (holding that "the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment" because "the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law"). In this case, Plaintiff's summary judgment

3

motion was not unopposed, as Defendants responded to it with their Memorandum of Law in support of Defendants' Cross Motion for Summary Judgment *and in Response to Plaintiff's Motion for Summary Judgment*. *See* Dkt. No. 71-3 at 1 (emphasis added). Either way, Magistrate Judge Dancks properly reviewed both summary judgment motions to determine whether each party met its burden.

Next, Plaintiff objects to the fact that the Court did not deem him a "Peoples class member," and says, "named peoples-case an private settlement agreement I am not a party to SHU class action at all." *See* Dkt. No. 79 at 2 (Objections 6, 7). Plaintiff appears to be challenging Defendants' argument that he lacks standing to sue for a breach of the settlement agreement from *Peoples, et. al. v. Annucci, et. al.*, No. 11-CV-2694 (S.D.N.Y. Apr. 18, 2011). *See* Dkt. No. 71-3 at 14-15. Plaintiff's objection repeats the argument he previously raised to Magistrate Judge Dancks. Magistrate Judge Dancks considered this argument and concluded that Defendants were not entitled to summary judgment on this issue because Plaintiff did not sue for breach of the settlement agreement. *See* Dkt. No. 78 at 20-21. Thus, Magistrate Judge Dancks's conclusion supported Plaintiff's argument on the issue of standing. Therefore, this is not a valid objection to the Report-Recommendation and Order.

Plaintiff's remaining objections to the report are general, conclusory objections that do not "specifically identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *See* N.D.N.Y. L.R. 72.1(c). For example, Plaintiff states that "[o]bjection's fourteenth amendment substantive due process claim's failed to state a claim upon which relief may be granted." *See* Dkt. No. 79 at 2 (Objection 11). Similarly, Plaintiff asserts that "Plaintiff's Motion for Summary Judgement be denied (Dkt. # 62) by USMJ-Dancks." *See id.* at 3 (Objection 13). These objections do not specifically identify the portions of

4

the report to which Plaintiff objects, or the basis for the objection. *See* N.D.N.Y. L.R. 72.1(c).

Likewise, Plaintiff states that Defendants and Magistrate Judge Dancks made false statements about his PIMS levels from June 1, 2007 to October 26, 2016 because those PIMS levels "did not exist[] at that time." *See* Dkt. No. 79 at 3 (Objection 12). However, Plaintiff does not allege anything to support this conclusory assertion.

Plaintiff makes three objections to the finding that he failed to exhaust his administrative remedies before filing the Complaint, which he phrases as:

> #8 Objection's of USMJ Dancks all supporting named citation's case's on Plaintiff's failed to exhausted his administrative remedies which their (no involvement's) of SHU class action's with an settlement agreement's for all class members to sued for monetary damage's
>
> #9 Objection's Plaintiff's failed to exhausted his eight amendment conditions of confinement claims from USMJ-Dancks
>
> #10 Objections that I cannot find any citation case's on class-member's sued for monetary damage's in settlement agreement's and failed to exhausted his administrative remedies or two time's alone and in class-action

*See id.* at 2 (Objections 8-10). Plaintiff appears to be arguing that he did not need to personally exhaust the administrative remedies because the plaintiff in *Peoples* exhausted such claims on behalf of the class of inmates. Plaintiff raised this argument to Magistrate Judge Dancks, and Magistrate Judge Dancks correctly rejected it in the Report-Recommendation and Order. *See* Dkt. No. 75 at 3 (Plaintiff arguing that he did not need to personally exhaust because *Peoples* exhausted the claims on his behalf); Dkt. No. 78 at 26-29 (Magistrate Judge Dancks rejecting that argument). Moreover, each of these objections are general and conclusory - they are not supported by facts and do not specifically identify the basis for the objection. *See* N.D.N.Y. L.R. 72.1(c).

Additionally, some of the objections involve discovery issues that Plaintiff previously raised to Magistrate Judge Dancks. For example, Plaintiff writes: "[o]bjection's refused to addressed request's of defendant's at Upstate Supermax Prison from year 2007 to 2016 do not addressed older prior pims level 1, 2, 3 system's at all." *See* Dkt. No. 79 at 1 (Objection 2). The Court is not entirely clear what Plaintiff means by this statement. If Plaintiff is arguing that Magistrate Judge Dancks did not consider his PIMs levels in the Report-Recommendation and Order, the Court rejects this argument because Magistrate Judge Dancks discussed Plaintiff's confinement conditions and PIMS levels extensively. *See* Dkt. No. 78 at 10-12, 20-22. To the extent that Plaintiff is raising a discovery issue, the Court rejects that argument because Magistrate Judge Dancks addressed Plaintiff's numerous requests for Court intervention during discovery. *See, e.g.*, Dkt. No. 23 (letter complaining of, *inter alia*, Plaintiff not having access to legal materials) and Dkt. No. 28 (text order directing the Clerk to send Plaintiff copies of several filings in response to Dkt. No. 23); Dkt. No. 34 (letter from Plaintiff requesting telephone conference) and Dkt. No. 32 (text order denying that request); Dkt. No. 35 (letter from Plaintiff advising that he did not have a copy of a letter motion filed by the defense) and Dkt. No. 37 (text order extending discovery deadlines and directing defense counsel to provide Plaintiff with the requested document). Therefore, this conclusory objection is entirely without merit.

Plaintiff also raises two objections related to his deposition. First, Plaintiff argues that his deposition testimony is "defective and cannot be used from defendant's at all." *See* Dkt. No. 79 at 2 (Objection 4). Plaintiff has not provided any facts or arguments as to why Defendants should be precluded from relying on his deposition.[2] Second, Plaintiff writes: "Objection's in supported

---

[2] Plaintiff raised concerns about his deposition during discovery, which Magistrate Judge Dancks addressed in a text order issued on September 27, 2017. *See* Dkt. No. 28 (holding that

(continued...)

by my exhibit's #1 and exhibits #2 dated 31 October 2017 two deposition correction sheet's with my transcript sheet never addressed my requested." *See id.* (Objection 5). Plaintiff presented a similar argument to Magistrate Judge Dancks in his February 12, 2018 Motion to Compel. *See* Dkt. No. 46 at 4 (claiming that he "mailed to her [defense counsel] my deposition correction sheets #1 , #2, transcripts sheet #1, hipaa compliant authorization form she refused to make copies to me Exhibit #2, 2 pages"). Therefore, the Court finds that this objection is another attempt to reopen discovery issues that were previously resolved by Magistrate Judge Dancks. *See* Dkt. No. 51 (holding that Defendants complied with the Court's order to make documents available to Plaintiff for his review).

Having reviewing Plaintiff's Objections to the Report-Recommendation and Order, the Court finds that the objections are general, conclusory, or merely recite the same arguments that Plaintiff presented to Magistrate Judge Dancks. *See O'Diah*, 2011 WL 933846, at *1. Nevertheless, in light of Plaintiff's *pro se* status, the Court will conduct a *de novo* review of the Report-Recommendation and Order.

**B.     Analysis of the Report-Recommendation and Order**

*1. Legal Standard*

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at

---

[2](...continued)
"[i]t is unclear what relief, if any, plaintiff is seeking from the Court," and directing Defendants to resend their Rule 26 disclosure to Plaintiff).

36-37 (quotation and other citation omitted). In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See id.* at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

### 2. *Exhaustion*

The Prison Litigation Reform Act ("PLRA") states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To properly exhaust, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (internal citation omitted). In New York, the inmate must exhaust a three-step administrative review process.[3] *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

Although administrative remedies generally must be exhausted, a prisoner need not exhaust remedies if they are not "available." *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016). As the Second Circuit held in *Williams v. Priatno*, there are several ways in which administrative remedies may be unavailable:

---

[3] The three steps of exhaustion are: (1) submitting a grievance to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination, (2) appealing the IGRC decision and receiving a decision from the superintendent of the facility, and (3) appealing the superintendent's decision and receiving a final administrative decision from the Central Office Review Committee ("CORC"). *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(b)-(d). After all three levels of review are exhausted, the prisoner may seek relief in federal court pursuant to Section 1983. *See Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)) (other citation omitted).

8

> First, an administrative remedy may be unavailable when "it operates as a simple dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it. Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

829 F.3d 118, 123-24 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859-60). Finally, the Supreme Court has rejected the Second Circuit's "extra-textual" exception to the PLRA's exhaustion requirement which allowed the consideration of special circumstances to justify a prisoner's failure to comply with the administrative procedure. *Ross*, 136 S. Ct. at 1856-57. As such, an inmate's mistaken belief that he has exhausted his administrative remedies, even where that belief seems reasonable, does not make the administrative remedies unavailable. *Id.* at 1858.

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff did not exhaust the administrative remedies before filing the Complaint. According to the CORC database, Plaintiff has filed fifty-six CORC grievance appeals while in DOCCS custody, but none of these appeals discuss prolonged and extreme isolation or inhumane conditions of confinement. *See* Dkt. No. 71-10 at 1-3; Dkt. No. 78 at 25-26. Plaintiff argues that the class-action *Peoples, et. al. v. Annucci, et. al.*, No. 11-CV-2694 (S.D.N.Y. Apr. 18, 2011) satisfied his exhaustion requirement, so he did not need to personally exhaust. However, Magistrate Judge Dancks properly rejected that argument because "[t]he IGP specifically provides that '[a]ll grievances must be filed in an individual capacity,'" and thus, "'cannot be reasonably interpreted to allow an inmate to file a grievance on behalf of a class of inmates.'" *See* Dkt. No. 78 at 28-29 (citing 7 N.Y.C.R.R. § 701.3(b)). Therefore, Plaintiff did not properly exhaust all administrative procedures before bringing his Section 1983 claims.

Moreover, Plaintiff does not have an excuse for his failure to exhaust. First, none of the *Ross* exceptions to the exhaustion requirement apply here, because Plaintiff has not claimed that the grievance procedure was unavailable. *Ross*, 136 S. Ct. at 1859-60. On the contrary, the record shows that Plaintiff was very familiar with the grievance procedure, as he had appealed to the CORC forty nine times in the past and has seven active appeals pending. *See* Dkt. No. 71-10 at 1-3; Dkt. No. 78 at 30. Second, Magistrate Judge Dancks appropriately rejected Plaintiff's argument that DOCCS's awareness of the conditions of solitary confinement excused his failure to exhaust. *See* Dkt. No. 78 at 29-30 (stating that the fact that DOCCS may have been aware of certain conditions does not excuse the PLRA's clear mandate that an inmate must exhaust all administrative remedies prior to filing suit). Therefore, these mistaken beliefs do not excuse Plaintiff's failure to exhaust. *See Ross*, 136 S. Ct. at 1858.

The Court finds that the undisputed facts establish that Plaintiff failed to exhaust the administrative remedies available to him, as required by the PLRA. Accordingly, the Section 1983 claims must be dismissed.

### 3. Procedural Due Process Claim

The court can deem a plaintiff's claim abandoned if the plaintiff "'fails to respond to a defendant's arguments that the claim should be dismissed.'" *Frantz v. City of Oswego*, No. 5:15-CV-1192, 2017 WL 4737258, *4 (N.D.N.Y. Oct. 19, 2017) (quoting *Martinez v. City of New York*, No. 11-CV-7461, 2012 WL 6062551, *1 (S.D.N.Y. Dec. 6, 2012)) (other citation and quotation marks omitted). However, the Second Circuit has drawn a distinction between plaintiffs who are represented by counsel, where the failure to respond to an argument can be presumed to be intentional, and *pro se* plaintiffs. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197-98 (2d Cir. 2014) (holding that "[w]here a partial response to a motion is made - *i.e.*, referencing

some claims or defenses but not others - a distinction between *pro se* and counseled responses is appropriate"). Thus, in the case of a *pro se* plaintiff who only partially responds to a summary judgment motion, "the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate." *Id.*

Upon initial review, this Court read the Complaint liberally to find that Plaintiff had asserted a procedural due process claim. *See* Dkt. No. 6 at 6-8. Since then, Plaintiff has repeatedly insisted that he is not bringing a procedural due process claim. *See* Dkt. No. 75 at 2 (asserting in the Opposition to the Cross Motion that "Defendants . . . allege[] I am suing them for breach of settlement agreement to PIMS level 4 and procedural due process these allegations are false never was my intention at all"); Dkt. No. 71-6 at 73-74 (testifying at his deposition when asked if his due process rights were violated during hearings, that "[m]y problem is the condition of confinement SHU . . . I'm not - - I'm not suing for no hearing . . . I was suing for my condition of confinement"). Relying on these statements, Magistrate Judge Dancks concluded that Plaintiff abandoned his Fourteenth Amendment procedural due process claim. *See* Dkt. No. 78 at 31-33. The Court agrees with this determination. Unlike in *Jackson*, which held that courts should not infer that a *pro se* plaintiff intends to abandon his claim when the plaintiff does not respond to an argument against that claim, here Plaintiff has affirmatively stated that he is not bringing a procedural due process claim. *Cf. Jackson*, 766 F.3d at 197-98. Therefore, the Court agrees that Plaintiff has abandoned his procedural due process claim.[4]

---

[4] Even if, following the guidance provided in *Jackson*, the Court reviewed the substance of Plaintiff's procedural due process claim, that claim must be dismissed for failure to exhaust. As discussed *supra*, an inmate who brings a claim under Section 1983 must have exhausted the administrative procedure required by the PLRA before filing suit. *See* 42 U.S.C. § 1997e(a). None of Plaintiff's grievance appeals in the CORC database allege that he was denied procedural due process. *See* Dkt. No. 71-10 at 1-3. Accordingly, Plaintiff has not properly exhausted and

(continued...)

11

### *4. Substantive Due Process*

To state a substantive due process claim, the plaintiff must show that (1) he had a valid property interest in a benefit that was entitled to constitutional protection, and (2) that the defendant's actions were "so outrageously arbitrary as to be a gross abuse of governmental authority." *Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12, 17 (2d Cir. 1999) (citation omitted). Here, Magistrate Judge Dancks correctly concluded that Plaintiff's disciplinary segregation and conditions of confinement in the SHU were not outrageously arbitrary. *See* Dkt. No. 78 at 34-36. Rather, as the record clearly shows, Plaintiff was repeatedly placed in the SHU because he continued to misbehave. Plaintiff received hundreds of misbehavior reports between 1988 and 2012, and was found guilty of charges at approximately one hundred and thirty six Tier III disciplinary hearings and fifty-two Tier II disciplinary hearings. *See* Dkt. No. 71-1 at ¶ 41. Some of the offenses included "assaulting staff, acting violently, performing unhygienic acts, possessing weapons, and disobeying direct orders." *See id.* at ¶ 42. Accordingly, the disciplinary actions taken against Plaintiff were not a gross abuse of government authority, and Plaintiff's substantive due process claim must be dismissed.[5]

### C. No Opportunity to Amend

---

[4](...continued)
his procedural due process claim must be dismissed.

[5] Alternatively, Magistrate Judge Dancks recommends that Plaintiff's substantive due process claims fail because the substantive due process claim is "subsumed by the Eighth Amendment claim, as the Eighth Amendment offers greater protections to prisoners." *See* Dkt. No. 78 at 35-36 (citing *Felix-Torres v. Graham*, 521 F. Supp. 2d 157, 164 (N.D.N.Y. 2007) (collecting cases)). The Court agrees that the substantive due process claim relies on the same facts as the Eighth Amendment claim and can be dismissed on this ground as well. *See, e.g., Jean v. Barber*, No. 9:09-CV-430, 2011 WL 2975218, *6 (N.D.N.Y. July 21, 2011).

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Thus, "[w]here granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (collecting cases).

Here, Magistrate Judge Dancks found that the exhaustion error would not be cured by permitting Plaintiff leave to amend. *See* Dkt. No. 78 at 30-31. The Court agrees that amendment will not cure this deficiency, because the PLRA's exhaustion requirement cannot be satisfied by exhausting the administrative remedies after filing the Complaint. *See, e.g.*, *Gayot v. Perez*, No. 16-CV-8871, 2018 WL 6725331, *7 (S.D.N.Y. Dec. 21, 2018) (finding that filing an amended complaint four months after an appeal to the CORC did not cure the fact that the initial complaint was filed before the plaintiff had exhausted all administrative remedies). Therefore, the Court dismisses the Complaint without leave to amend.

### III. CONCLUSION

Having carefully reviewed Magistrate Judge Dancks's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly concluded that Plaintiff's Complaint should be dismissed. As such, the Court hereby,

**ORDERS** that the February 19, 2019 Report-Recommendation and Order (Dkt. No. 78) is **ADOPTED in its entirety**; and the Court further

13

**ORDERS** that Defendants' Cross Motion for Summary Judgment (Dkt. No. 71) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Motion for Summary Judgment (Dkt. No. 62) is **DENIED**; and the Court further

**ORDERS** that the Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 21, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge